**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave.
Suite 100E
Santa Monica, CA 90404
T: 310-667-7273

**WADE KILPELA SLADE LLP**
Edwin J. Kilpela, Jr. (*pro hac vice* application forthcoming)
ek@waykayslay.com
Paige Noah (*pro hac vice* application forthcoming)
pnoah@waykayslay.com
6425 Living Pl. Suite 200
Pittsburgh, PA 15206

*Attorneys for Plaintiff Jane Doe*

**WADE KILPELA SLADE LLP**
David Slade (*pro hac vice* application forthcoming)
slade@waykayslay.com
Brandon Haubert (*pro hac vice* application forthcoming)
brandon@waykayslay.com
Lucy Holifield (*pro hac vice* application forthcoming)
lholifield@waykayslay.com
1 Riverfront Place
Suite 745
North Little Rock, AR 72114

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC. <br><br> Defendant. | Case No. <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED UNDER A PSEUDONYM AS TO JANE DOE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION TO PROCEED UNDER A PSEUDONYM**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") hereby moves this Court for an order permitting her to proceed under a pseudonym in this action.

This Motion will be heard before the Honorable Judge to whom this action is assigned, at a date and time to be set by the Court, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Ms. Doe, all pleadings and papers on file in this action, and such other matters as may be presented to the Court.

**STATEMENT OF RELIEF SOUGHT**

Plaintiff seeks an order allowing Ms. Doe to proceed under a pseudonym in this matter.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiff is entitled, under the applicable standard set forth in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), to an order allowing Ms. Doe to proceed under a pseudonym in this matter.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The case law is clear litigants should not have their personal safety compromised as a result of court proceedings. Courts frequently allow parties to litigate anonymously when proceeding otherwise would publicly link them to highly personal and sensitive information, and place them at risk for harm. Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") is no exception. Ms. Doe is the victim of surreptitious stalking by her former partner (her "stalker"), who used Defendant's AirTag device to track her movements, which not only damaged her sense of personal autonomy and caused severe emotional distress, but exposed her to the risk of future harm, which is particularly acute given he had previously subjected her to violence and abuse. As described herein, Ms. Doe has taken steps to conceal her location in an attempt to ensure her stalker cannot find her again. Despite these measures, Ms. Doe remains, understandably, afraid her stalker could find her and torment her anew and potentially subject her to violence. Due to her reasonable and persistent fear of reprisal from her stalker, Plaintiff initiated this lawsuit under a pseudonym to ensure that her identity was not public and, therefore, her stalker would not be made aware that his actions were part of the allegations in this lawsuit.

While the normal rules of civil procedure require a plaintiff to identify herself when filing a complaint, Ninth Circuit authority provides a party may preserve his or her anonymity when the need to do so outweighs prejudice to the opposing party and the public interest in disclosure of information. As argued more completely below, compelling Plaintiff to disclose her identity on the public docket serves no purpose other than to expose Plaintiff to potential harassment or, worse, violence, when there is no countervailing interest in disclosure. Notably, this action was severed from a multi-plaintiff, putative class action, *Hughes v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.) (J. Chhabria), where Defendant was aware of Ms. Doe's identity and did not oppose her proceeding under a pseudonym. Lastly, because Ms. Doe's identity is not central to the issues raised in this case, the public interest will not be harmed by permitting her to proceed pseudonymously.

2

Accordingly, for the reasons articulated below, Ms. Doe respectfully requests that this Court permit Ms. Doe to continue to proceed pseudonymously until such a time as Defendant can articulate a compelling need to proceed otherwise.

## II.    FACTUAL BACKGROUND

This case arises from the design, marketing, manufacturing, and sale by Defendant of a small, physical device known as an AirTag, which is small enough to be easily and covertly planted almost anywhere, including, for example, within the frame of a vehicle or the lining of a purse or suitcase. *See generally* Complaint (filed concurrently herewith). These devices were creating well deserved concern in the media before and amid the launch of the product in 2021, due to their suitability for use by stalkers to find their victims. *Id.* In 2021, Apple knew that adequate safeguards had not yet been implemented, but nevertheless released the AirTag to the public. *Id.* Since that time, Apple has played—and continues to play—catch up, quietly introducing new features that attempt to curtail the dangers of a product that is now five years old. *Id.* However, these features remain inadequate. *Id.* Apple's negligent design of the AirTag and its sale of an unreasonably dangerous product with inadequate safeguards have led to the foreseeable stalking of countless victims, including Ms. Doe. *Id.*

Ms. Doe left an abusive and violent relationship in May 2022, taking her infant son and relocating through multiple temporary residences, including a domestic violence safe house, to avoid detection by her abuser. Doe Decl. ¶ 2. On or about June 26, 2022, Plaintiff heard a beeping noise in her car and, using a scanning application, located an AirTag hidden in the passenger seat pocket. *Id.* ¶ 3. The discovery caused immediate shock and distress, particularly as it occurred during what had been her first moment of normalcy since leaving her abuser. *Id.* ¶ 4. Plaintiff reported the device to law enforcement and successfully obtained both an Emergency Protective Order and a subsequent Permanent Protective Order lasting through October 2025. *Id.* ¶ 5.

Following the discovery, Plaintiff continued to hear intermittent beeping in her car without receiving tracking alerts, triggering repeated episodes of anxiety and fear. Doe Decl. ¶ 6. Although she explored having her vehicle dismantled to locate additional devices, she could not afford the cost. *Id.* The trauma significantly impaired her professional functioning, leading to declining work

3

performance, her resignation in January 2023, and ongoing difficulty maintaining employment. *Id.* ¶ 7. Plaintiff now struggles with anxiety, depression, and the demands of caring for her young child, which collectively hinder her ability to seek and sustain work. *Id.*

The stalking has profoundly altered Plaintiff's daily life, causing her to isolate at home, abandon previously enjoyed activities, and experience panic attacks that prevent her from participating in planned events. Doe Decl. ¶¶ 8–9. For months, she suffered severe sleep disruption, waking after only a few hours and remaining in a state of exhaustion, with persistent anxiety continuing to affect her well-being. *Id.* ¶ 10. Plaintiff fears that her abuser retains the ability to track her movements, undermining her sense of autonomy and safety. *Id.* ¶ 11. She seeks to proceed anonymously due to the ongoing risk of harassment and physical harm, particularly given her abuser's demonstrated willingness to surveil her even while she was in hiding, while agreeing to disclose her identity to Defendants under a protective order. *Id.* ¶¶ 12–13.

III.    ARGUMENT

The case law is clear "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In particular, courts allow parties to use pseudonyms where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal quotation marks and citation omitted). Although Defendant has not objected to Plaintiff's requested relief, these factors nevertheless weigh in favor of Ms. Doe's anonymity.

//

//

//

4

PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM

**A.    The Severity of the Threatened Harm and the Reasonableness of Ms. Doe's Fears Weigh in Favor of Anonymity.**

The first two factors under the balancing test, i.e. the severity of the threatened harm and the reasonableness of the anonymous party's fears, are "intricately related and should be addressed together." *Kamehameha Sch.*, 596 F.3d at 1043. To establish the reasonableness of the anonymous party's fears "'plaintiffs are not required to prove that the defendants intend to carry out the threatened retaliation. What is relevant is [whether] plaintiffs were threatened, and [whether] a reasonable person would believe that the threat might actually be carried out.'" *Kamehameha Sch.*, 596 F.3d at 1044 (*quoting Advanced Textile*, 214 F.3d at 1071). In *United States v. Doe*, 655 F.2d 920 (9th Cir. 1980), the Ninth Circuit held the use of a pseudonyms for a prison inmate was appropriate because he "faced a serious risk of bodily harm" if his role as a government witness were disclosed. *Id.* at 922 n.1. In *Doe v. Madison School Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998), the court observed plaintiff was allowed to proceed under a pseudonym "because she feared retaliation from the community." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 U.S. Dist. LEXIS 198724, at *3 (E.D. Cal. Nov. 15, 2019). The Ninth Circuit has confirmed the use of a pseudonym may be appropriate "when identification creates a risk of retaliatory physical *or mental harm* . . . ." *Advanced Textile Corp.*, 214 F.3d at 1068 (emphasis added). Thus, that some of the threatened harm feared by Ms. Doe is mental (e.g., pervasive anxiety and crippling emotional distress) in no way diminishes her request for anonymity.

The first two elements of the balancing test certainly weigh in Ms. Doe's favor. Ms. Doe was harassed and stalked by her former partner, who used the AirTag to keep tabs on her every movement. Doe Decl. ¶¶ 2-4. Ms. Doe's fears were compounded given her former partner's history of violence and abuse, which caused her to move through several temporary residences, including a safe house for domestic violence victims. *Id.* ¶ 2. The stalking Ms. Doe endured enabled her to secure both an Emergency Protective Order and a subsequent Permanent Protective Order, the latter however expired as of October 2025. *Id.* ¶ 5. Plaintiff experienced ongoing anxiety and fear due to the stalking, leaving her unable to confirm whether she was still being tracked and unable to afford

5

measures to locate additional devices. *Id.* ¶ 6. The trauma has caused severe emotional distress—including anxiety, depression, panic attacks, sleep disruption, and isolation—and a persistent fear that her abuser continues to track her movements, undermining her sense of safety and autonomy. *Id.* ¶¶ 7–11.

There can be no doubt Plaintiff legitimately and rightfully fears her former partner's knowledge of her whereabouts. This fear is both severe and reasonable, given what her stalker did in the past, using a tracking device to harass and stalk her.

**B.    Ms. Doe is Vulnerable to Retaliation**.

Ms. Doe certainly would be vulnerable to harm should her identity be revealed. Plaintiff fears her identity being made public because she has a severe and reasonable fear of her stalker knowing when she will be in court. Doe Decl. ¶ 12. Courts recognize stalking victims' fears and the profound impact on both their sense of personal safety and ability to go about their daily lives should their stalkers become aware of their home address and involvement in a legal proceeding. Applying the Ninth Circuit's balancing test and permitting a stalking victim to proceed anonymously even though the victim's home address was known to her stalker, the court in *Providence Health* reasoned as follows:

> Even accepting as true that the individual knows Jane Roe's home address and some of the places she frequents, she will still face a greater risk of harm if the individual knows of her involvement in this court proceeding. If the individual gains knowledge of Jane Roe's involvement in this case, he will have access to substantial personal information, and the dates and times of her court proceedings. Jane Roe will be less able to protect herself outside of her home. Her daily strategic advantages will be curtailed; she cannot modify her daily routine and traveling routes if the individual knows the date, time, and location of her court proceedings.

*Providence Health,* No. 06-1680-HU, 2007 U.S. Dist. LEXIS 50656, at *7 (D. Or. June 26, 2007). Like the plaintiff in *Providence Health*, Ms. Doe should not have to fear for her personal safety when traveling to the courthouse to litigate her claims against Defendant.

**C.    There is no Prejudice to Defendants**.

Defendant will not be prejudiced if Ms. Doe were permitted to proceed pseudonymously because Plaintiff has agreed to disclose her identity to Defendant for the purpose of the litigation. Doe Decl. ¶ 13; *see Doe v. Github, Inc.*, 672 F. Supp. 3d 837, 853-54 (N.D. Cal. 2023) (concluding

6

defendants would not be prejudiced because "Plaintiffs have disclosed their true names to Defendants subject to a protective order, so pseudonymity should not impede Defendants' ability to develop their case."). Additionally, Defendant was made aware of Ms. Doe's identity and did not oppose her proceeding under a pseudonym in Plaintiff's earlier-filed action: *Hughes v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.) (J. Chhabria). Thus, Defendant is unlikely to demonstrate any prejudice associated with Ms. Doe proceeding pseudonymously at this stage of the litigation. *See Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 U.S. Dist. LEXIS 169883, at *12 (E.D. Cal. Dec. 2, 2013) (explaining that, "at the prediscovery stage . . . the court need not yet consider the prejudice defendant will suffer during discovery," as "the relevant prejudice is that which defendant presently suffers as a result of plaintiff's anonymity").

### D.     The Public Will Not Be Harmed by Permitting Ms. Doe to Proceed Anonymously.

Finally, the public interest factor does not weigh against permitting Ms. Doe to proceed pseudonymously. "The normal presumption in litigation . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Kamehameha*, 596 F.3d at 1042. Where the plaintiff's identity not central to the issues raised by a case, however, the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously. *See Advanced Textile*, 214 F.3d at 1072 (reversing denial of anonymity where "[t]he district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in th[e] case"); *Kamehameha*, 596 F.3d at 1043 (noting, where plaintiffs brought "claims of widespread discrimination," "it [wa]s difficult to see 'how disguising plaintiffs' identities w[ould] obstruct public scrutiny of the important issues in th[e] case'") (*quoting Advanced Textile*, 214 F.3d at 1072). Withholding Ms. Doe's identity will not obstruct public scrutiny of the issues raised. Ms. Doe's name and identity has no bearing on the central issues of this case, including whether Defendant breached its duty of care in their design, marketing, and introduction into the market of the AirTag and whether Defendant is liable to Plaintiff due to design defects of the AirTag. In sum, the public interest factor does not weigh against anonymity at this stage of the litigation. *See El Dorado*, 2013 U.S. Dist.

PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM

LEXIS 169883, at *14 (finding public interest factor weighed in favor of anonymity where the "[p]laintiff's identity appears to have no bearing on the resolution of the issues, and a pseudonym will not impede public access to the substance of the proceedings").

### IV.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully request that the Court grant her motion to allow Ms. Doe to proceed under a pseudonym.

Dated:  May 1, 2026

*/s/ Gillian L. Wade*
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
WADE KILPELA SLADE LLP
2450 Colorado Ave.
Suite 100E
Santa Monica, CA 90404
T: 310-667-7273

Edwin J. Kilpela, Jr. (*pro hac vice* application forthcoming)
ek@waykayslay.com
WADE KILPELA SLADE LLP
6425 Living Pl. Suite 200
Pittsburgh, PA 15206

David Slade (*pro hac vice* application forthcoming)
slade@waykayslay.com
WADE KILPELA SLADE LLP
1 Riverfront Place
Suite 745
North Little Rock, AR 72114

*Attorneys for Plaintiff Jane Doe*

**PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM**
